FILED
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO
2010 APR 26 PM 3:59

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>CHARLES D. MADNIKOFF<br>SSN: XXX-XX-8332<br>Debtor. | Bankruptcy Case No. 10-10369-EEB<br>Chapter 13 |
| TERRY CARPENTER<br>Plaintiff,<br><br>v.<br><br>CHARLES D. MADNIKOFF,<br>Defendant. | Adv. Pro. No. 10 1331 EEB<br>10 13 31 EEB |

**COMPLAINT**

Plaintiff, Terry Carpenter, through his attorneys Dufford & Brown, P.C., states for his Complaint:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Complaint, pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(2).

2. Plaintiff's claims are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is commenced pursuant to Fed.R.Bankr.P. 7001(1) and 7001(2).

**GENERAL ALLEGATIONS**

1. Plaintiff, Terry Carpenter ("Carpenter"), is an individual, over the age of eighteen residing in Douglas County, Colorado.

2. Debtor/Defendant, Charles Madnikoff ("Debtor"), is an individual, over the age of eighteen residing in Douglas County, Colorado.

3. Debtor and Carpenter entered into a contract, whereby Carpenter was to purchase what Debtor represented to be his 2007 Jeep Wrangler VIN 1J4GA59107L197498 ("Vehicle") for $32,000.00 ("Payment").

4. On or about October 25, 2007, Carpenter provided Debtor with the Payment and took possession of the Vehicle. *See* Check attached as *Exhibit A*.

5. On or about November 9, 2007, Debtor provided Carpenter with a Bill of Sale, a copy of which is attached as *Exhibit B*.

6. The Bill of Sale, which was signed by Debtor, represented that Debtor was the owner of the Vehicle and that a portion of the Payment was sent to Chrysler Financial to satisfy a lien Debtor represented Chrysler Financial held on the Vehicle. *See Exhibit B*.

7. The Bill of Sale further stated that "This transaction is considered Paid in Full and is of no liens. The payoff was sent to Chrysler Financial and the title will be given to buyer upon seller receiving good title." *See Exhibit B*.

8. Unbeknownst to Carpenter at the time, and contrary to Debtor's representations and the Bill of Sale provided by Debtor, Debtor did not own the Vehicle and Chrysler Financial did not have a lien on the vehicle.

9. Recent investigation by Carpenter has revealed that DaimlerChrysler Financial Services Trust ("DCFS Trust") holds title to the Vehicle. *See Exhibits C, D*. Upon information and belief, Debtor had only leased the vehicle from DCFS Trust.

10. Carpenter, while still unaware that Debtor was not the owner of the Vehicle, repeatedly requested that Debtor provide the title to the Vehicle. Debtor failed to provide clear title to the Vehicle or refund Carpenter's Payment.

11. On or about April 10, 2009, Carpenter initiated litigation against Debtor in the District Court for Douglas County, State of Colorado, Case No. 2009CV1110, alleging claims for breach of contract, fraudulent misrepresentation and conversion ("State Litigation"). *See* Complaint attached as *Exhibit E*.

12. On or about December 28, 2009, Debtor provided Carpenter a document that Debtor represented to be a lien release from Chrysler Financial for the Vehicle ("Lien Release") in order to resolve the State Litigation and Debtor's debt to Carpenter. *See* Lien Release attached as *Exhibit F*.

13. Debtor further represented to Carpenter that presenting the Lien Release and Bill of Sale to the Colorado Department of Motor Vehicles would enable Carpenter to get clear title to the Vehicle.

14. Carpenter was not, and has not ever, been able to obtain clear title to the Vehicle.

15. On or about January 11, 2010, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, Case No. 10-10369-EEB. Carpenter was not listed as a creditor in Case No. 10-103690-EEB and was not provided any notice of Debtor's current bankruptcy proceeding.

16. Recent investigation by Carpenter has revealed that the Lien Release provided by Debtor is a fraudulent and forged document.

17. Chrysler Financial Services Americas LLC has recently confirmed that the Lien Release provided by Debtor is fraudulent, and that DCFS Trust holds title to the Vehicle. *See Exhibits C, D.*

18. Chrysler Financial Services Americas LLC has no record of Chrysler Financial having any lien on the Vehicle or their receipt of any payment from Debtor to pay off any purported lien on the Vehicle.

19. Chrysler Financial Services America LLC considers the Vehicle to be stolen and had demanded return of the vehicle from Carpenter. *See Exhibit C.*

**FIRST CLAIM FOR RELIEF**

20. Carpenter incorporates the above paragraphs by reference.

21. Debtor obtained money, specifically the $32,000 Payment, from Carpenter.

22. Debtor obtained the Payment from Carpenter through actual fraud, by expressly misrepresenting to Carpenter, and as memorialized in the Bill of Sale Debtor provided Carpenter, that Debtor was the owner of the vehicle, that Chrysler Financial held a lien on the vehicle, that Debtor had remitted payment to Chrysler Financial to satisfy the lien, and that Debtor would provide Carpenter clear title to the vehicle.

23. Debtor attempted to retain the Payment and avoid his debt to Carpenter by subsequently providing Carpenter the fraudulent, forged Lien Release for the Vehicle.

24. Debtor knew at the time he made the representations, provided the Bill of Sale, and provided the forged Lien Release to Carpenter that both his representations, the representations contained in the Bill of Sale, and the Lien Release were fraudulent.

25. In making these misrepresentations to Carpenter and providing the fraudulent Bill of Sale and Lien Release, Debtor intended to defraud and deceive Carpenter.

26. Carpenter was justified in relying on the fraudulent misrepresentations and fraudulent Bill of Sale and Lien Release at the time the misrepresentations and fraudulent documents were provided.

27. Carpenter has been damaged as a proximate result of his reliance on Debtor's fraudulent misrepresentations and documents.

28. Debtor's actions warrant an exception from discharge under 11 U.S.C. § 23(a)(2)(A).

WHEREFORE, Plaintiff Terry Carpenter demands judgment against Debtor in an amount to be proved at trial, together with pre- and post judgment interest, costs, fees, disbursements, an Order from the Court determining that Defendant's debt to Plaintiff is non-dischargeable, and such other relief as the Court deems appropriate.

Dated this 26th day of April, 2010.

DUFFORD & BROWN, P.C.

Herbert A. Delap
Chris G. Baumgartner

ATTORNEYS FOR PLAINTIFF
TERRY CARPENTER

Address of Plaintiff
315 Vallejo Street
Denver, CO 80223

Vehicle

WYLACO SUPPLY COMPANY • GYPSUM, COLORADO

**WSC wylaco supply company**
P.O. BOX 500 • GYPSUM, COLORADO 81637
970/524-6454

Wells Fargo Bank West N.A.
EAGLE
245 Broadway
Eagle, Colorado 81631
23-7/1020

06809

| CHECK NO. | DATE | CUST. NO. |
|---|---|---|
| 06809 | 10 25 07 | |

| AMOUNT |
|---|
| 32,010.00 |

Thirty two thousand [illegible] 00/100

[illegible]

ALPHA COPY

⑈006809⑈ ⑆102000076⑆ 64597294⑈2⑈

EXHIBIT
A

November 9th, 2007

Terry Carpenter
7750 Village Rd
Parker, CO 80134
303-778-8201

Charles Madnikoff
17897 Domingo Dr
Parker, CO 80134
720-341-3982

BILL OF SALE

For the sale of a 2007 Jeep Wrangler 4dr JK with the VIN# 1J4GA59107L197498 for $32,000 (Thirty-two Thousand and no cents). This transaction is considered Paid In Full and is of no liens. The Payoff was sent to Chrysler Financial and the title will be given to buyer upon seller receiving good title.

Vehicle was sold as equipped with nothing else promised verbal or in written form. Vehicle maintains a factory warranty and an additional aftermarket warranty at ITB 4x4 located in Littleton Colorado on lift and accessories.

Sincerely,

Charles Madnikoff

EXHIBIT
B

# CHRYSLER FINANCIAL

April 14, 2010

Via Facsimile: (303) 832-3804

Chris G. Baumgartner, Esq.
Dufford & Brown
1700 Broadway, Suite 2100
Denver, CO 80290-2101

RE: Vehicle: 2007 Jeep Wrangler
VIN: 1J4GA59107L197498

Dear Mr. Baumgartner:

Please be advised the above noted vehicle is owned by DCFS Trust. Chrysler Financial Services Americas LLC ("Chrysler Financial") is the servicing agent for DCFS Trust. Chrysler Financial is seeking to secure the subject vehicle on behalf of DCFS Trust. Unfortunately, we are unable to offer an option to purchase the vehicle.

Enclosed is documentation showing the titled owner as DCFS Trust. I would appreciate you contacting me upon receipt of this letter in order to expedite return arrangements. My contact information is listed below.

Very truly yours,

Susan Pearl-Geisling

Susan Pearl-Geisling,
Paralegal

Enclosure

**Chrysler Financial Services Americas LLC**
**Office of the General Counsel -CIMS 405-27-10**
**27777 Inkster Road**
**Farmington Hills, MI 48334-5326**

**Office: 248-427-2609**
**Fax: 248-427-2550**
**E-mail: sp563@chryslerfinancial.com**

EXHIBIT
tabbies
C

| | | | |
|---|---|---|---|
| VIN | 1J4GA59107L197498 | | |
| Status | ***Perfected Title*** **Scanned** | | |
| Lienholder Status | | | |
| Borrower | [redacted] | | |
| Borrower Home Phone | [redacted] | | |
| Borrower Work Phone | [redacted] | | |
| Branch | [redacted] | Acct # | [redacted] |
| Loan # | [redacted] | Suffix | |
| Owner | DCFS TRUST | | |
| Lienholder | | | |
| Dealer ID | 60306 | | |
| License | | Title # | |
| Body | | Vehicle Type | VEH |
| User Defined Field | | User Defined Field | |
| Account Type | **Leased** | Loan Type | **Vehicle** |
| Contract with Release | None | | |

| | | | |
|---|---|---|---|
| Financed | 05/23/2007 | Tech | ***FDI*** |
| Work | 09/05/2007 | | |
| Imported | 09/05/2007 | | |
| Added | 06/21/2007 | | |
| Perfected | 09/05/2007 | | |
| Payoff | / / | Tech | |
| Released | / / | | |
| Release Type | | | |
| Exported | / / | | |
| Response | / / | Code | |
| Deleted | / / | | |
| Expires | 08/23/2010 | | |

| | Lien | Title |
|---|---|---|
| Year | 2007 | 2007 |
| Make | JEEP | JEE |
| Model | WRANGLER | |

| | | | |
|---|---|---|---|
| FDI Assigned User | | FDI Action Date | / / |
| Lienholder Assigned User | | Lienholder Action Date | / / |
| Misc. | | | |
| State | CO | **Scanned** | |

EXHIBIT
tabbies
D

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, COLORADO**<br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109 | |
| **Plaintiff:** TERRY CARPENTER<br>**v.**<br>**Defendant:** CHARLES MADNIKOFF | |
| **Attorneys for Plaintiff:**<br>Herbert A. Delap, #10053<br>Chris G. Baumgartner, #31144<br>DUFFORD & BROWN, P.C.<br>1700 Broadway, Suite 2100<br>Denver, CO 80290<br>Phone: (303) 861-8013<br>cdelap@duffordbrown.com<br>cbaumgartner@duffordbrown.com | Case Number:<br>Div: Ctrm: |
| **COMPLAINT** | |

Plaintiff, Terry Carpenter, through his attorneys Dufford & Brown, P.C., states for his Complaint:

1. Plaintiff, Terry Carpenter ("Carpenter"), is an individual, over the age of eighteen residing in Douglas County, Colorado.

2. Defendant, Charles Madnikoff ("Defendant"), is an individual, over the age of eighteen residing in Douglas County, Colorado.

3. On or about November 9, 2007, Defendant and Carpenter entered into a contract, whereby Carpenter was to purchase Defendant's 2007 Jeep Wrangler ("Vehicle") for $32,000.00 ("Payment"). According to the contract, the Payment was to be sent, by Defendant, to Chrysler Financial to satisfy the lien held by Chrysler Financial in the Vehicle. Thereafter, clear title to the Vehicle would be provided to Carpenter.

4. On or about October 25, 2007, Carpenter provided Defendant with the Payment and took possession of the Vehicle.

5. Carpenter has repeatedly requested that Defendant provide the title to the Vehicle, commencing November 2007. Carpenter retained counsel and continued to request,



EXHIBIT

tabbies

E

through counsel, that Defendant provide the title to the Vehicle commencing October 13, 2008. Carpenter has satisfied the notice requirements pursuant to C.R.S. 4-2-607(3).

6. To date, Defendant has refused to provide clear title to the Vehicle to Carpenter.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract/Revocation/Rescission)**

7. Carpenter incorporates the above paragraphs by reference.

8. Carpenter and Defendant entered into a valid contract for the purchase and sale of the Vehicle.

9. Carpenter timely delivered the Payment to Defendant. Nevertheless, Defendant has not provided the title to the Vehicle, despite numerous demands.

10. Defendant breached his obligations under the contract.

11. Carpenter has fully performed or fulfilled all conditions precedent of the contract.

12. Carpenter has been damaged by Defendant's breach of contract.

13. Carpenter is entitled to revoke his acceptance of the Vehicle where Carpenter relied on Defendant's assurances he would deliver clear title, thereby curing the nonconformity, Defendant cannot provide clear title, and Defendant's failure to deliver clear title substantially impairs the value of the Vehicle to Carpenter. C.R.S. 4-2-608(l)(a).

14. Notice of Carpenter's desire to revoke his acceptance of the Vehicle was sent to Defendant in writing on January 27, 2009. C.R.S. 4-2-608(2).

15. Carpenter is entitled to all damages caused by Defendant's breach of contract as determined in any manner which is reasonable, including incidental and consequential damages. C.R.S. 4-2-714(1), C.R.S. 4-2-715.

WHEREFORE, Carpenter demands judgment against Defendant in an amount provided for at trial, together with pre- and post judgment interest, costs, fees, disbursements, rescission of the contract, subject to tender of the Payment, and such other relief, as requested above, and as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**

**(Fraudulent Misrepresentation)**

16. Carpenter incorporates the above paragraphs by reference.

17. The Defendant gave false information to Carpenter related to the purchase and sale of the Vehicle. Specifically, that upon receipt of Payment, Defendant promised Carpenter that he would provide title to the Vehicle.

18. The Defendant gave such information, which was false, in the course of a transaction in which the Defendant had a financial interest.

18. The Defendant gave the information to Carpenter for Carpenter's use in a business transaction.

19. The Defendant was negligent in obtaining or communicating the information.

20. The Defendant gave the information with the intent or knowledge that Carpenter would act in reliance on the information.

21. Carpenter may revoke his acceptance of the Vehicle due to its nonconformity, as his acceptance of the Vehicle without discovery of the nonconformity was reasonably induced by the Defendant's assurances that he would deliver clear title, and the nonconformity substantially impairs the value of the Vehicle to Carpenter. C.R.S. 4-1-608(l)(b).

22. Carpenter relied on the information supplied by the Defendant and the reliance on the information supplied by the Defendant caused damage to Carpenter.

23. Carpenter is entitled to all remedies available under Article 2 of the Uniform Commercial Code for nonfraudulent breach. C.R.S. 4-2-721.

24. Carpenter is entitled to incidental and consequential damages resulting from Defendant's breach. C.R.S. 4-2-715.

WHEREFORE, Carpenter demands judgment against Defendant in an amount provided at trial, together with pre- and post judgment interest, costs, fees, disbursements, and such other relief as the Court deems appropriate.

**THIRD CLAIM FOR RELIEF**

**(Conversion)**

25. Carpenter incorporates the above paragraphs by reference.

26. Defendant took dominion and control of Carpenter's Payment.

# LIEN RELEASE/TERMINATION STATEMENT

This is a true copy of the original 12-17-09

T. MASSEY
Notary Public, State of Neva
Appointment No. 92-3200
My Appt. Expires Jul 3, 20

MADNIKOFF, CHARLES
17897 DOMINGO DR
PARKER CO 80134

| ACCOUNT NO | | DATE RELEASED |
|---|---|---|
| 7002308953 | | 1 / 2008 |
| YEAR | MAKE | MODEL |
| 2007 | JEEP | WRANGLER |
| VEHICLE IDENTIFICATION NO. | | |
| 1J4GA59107L197498 | | |
| CONTRACT DATE | LOAN AMOUNT | |
| 6/8/2007 | $21,428.94 | |

To Whom It May Concern:

Please be advised that the lien/security interest on the above referenced vehicle in favor of and held by U.S. Bank Trust National Association, as Collateral Agent, has been satisfied in full and may be released by this letter.

U.S. Bank National Trust Association, has recorded its lien in an abbreviated manner as ☐ US Bank or ☐ US Bank as Coll Agt which is now released/terminated.

For the state of New York, this letter is being used in lieu of Form MV901 which has been lost, misplaced or destroyed.

Sincerely,

THIS IS TO CERTIFY THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL.
Sherryl L. Langlett
NOTARY PUBLIC
COMMISSION EXPIRES: 11-01-09

U.S. Bank Trust National Association, as Collateral Agent
By: DaimlerChrysler Financial Services Americas LLC, Attorney-In-Fact

By: Stephen Palmer

Its: CENTER RELATIONS MANAGER

SHERRYL L. LANGLETT NOTARY PUBLIC STATE OF COLORADO
My Commission Expires 11-01-09

On Nov 6 2008 before me, the undersigned, a Notary Public in and for said State, personally appeared STEPHEN PALMER known to me to be the person whose name is subscribed in the within Release of Lien and acknowledged to me that he/she executed the same and stated and acknowledged that he/she is CENTER RELATIONS MANAGER of DaimlerChrysler Financial Services Americas LLC ("Company") attorney-in-fact for U.S. Bank National Trust Association named as lienholder of the subject vehicle, and that he/she is duly authorized to execute the same Release for, in the name of and on behalf of said Company and that the execution of said Release is his/her free and voluntary act in his/her capacity and acknowledges to me that said Company executed the same as its voluntary act and deed for the uses, purposes or considerations named therein.

WITNESS my hand and official seal.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANNETTE M. TATMAN, Notary Public
New Britain Twp., Bucks County
My Commission Expires January 2011

84-291-8013 MU (4/08)

EXHIBIT
F

26. Carpenter was justified in relying on the fraudulent misrepresentations and fraudulent Bill of Sale and Lien Release at the time the misrepresentations and fraudulent documents were provided.

27. Carpenter has been damaged as a proximate result of his reliance on Debtor's fraudulent misrepresentations and documents.

28. Debtor's actions warrant an exception from discharge under 11 U.S.C. § 23(a)(2)(A).

WHEREFORE, Plaintiff Terry Carpenter demands judgment against Debtor in an amount to be proved at trial, together with pre- and post judgment interest, costs, fees, disbursements, an Order from the Court determining that Defendant's debt to Plaintiff is non-dischargeable, and such other relief as the Court deems appropriate.

Dated this 26th day of April, 2010.

DUFFORD & BROWN, P.C.

______________________________

Herbert A. Delap
Chris G. Baumgartner

ATTORNEYS FOR PLAINTIFF
TERRY CARPENTER

<u>Address of Plaintiff</u>
315 Vallejo Street
Denver, CO 80223